IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID LEE SMITH,

    Plaintiff,

v.                                          Case No. 4:17-cv-524-RH-GRJ

CHARLES STAMPELOS, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a *pro se* handwritten complaint under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff, however, failed to use the appropriate court-approved civil rights complaint form to be used by *pro se* prisoner litigants. Plaintiff also either failed to pay the civil case filing fee or file a motion for leave to proceed as a pauper with supporting documentation.

Plaintiff then filed an "emergency motion," claiming that he is a victim of a "violent conspiracy" involving misprison of a felony that is being perpetrated by a magistrate judge of this Court and other persons, including Jail staff. (ECF No. 4.) Plaintiff's claims in the "emergency motion" appeared to stem from the dismissal of previous federal civil rights

cases.

Accordingly, on December 7, 2017, the Court struck Plaintiff's complaint, directed the Clerk to send Plaintiff a blank court-approved civil rights complaint form to be used by pro se prisoner litigants and a blank motion for leave to proceed in forma pauperis, and ordered Plaintiff to file by January 8, 2018, an amended complaint on the court-approved form and a motion for leave to proceed in forma pauperis on the court-approved form. (ECF No. 5.) The Court advised Plaintiff that "[f]ailure to comply with this order will result in a recommendation that this case be dismissed without further notice." (*Id.* at 2.) The Court also denied Plaintiff's "emergency motion" because the claims were vague and conclusional, and the motion sought no cognizable relief. (*Id.*)

Plaintiff has now filed a partially incomprehensible handwritten filing that again asserts he is the victim of a "violent conspiracy." (ECF No. 6.) He also says it is impossible to comply with the Court's December 7, 2017 order for various reasons, including, but not limited to an inability to access any money in or statements of his bank account and active judicial misconduct. Plaintiff claims the Court is an "idiot" for expecting Plaintiff to pay the filing fee and amend his complaint.

Although the Court ordered Plaintiff to file an amended complaint and

either pay the filing fee or file a motion for leave to proceed in forma pauperis by January 8, 2018, it is apparent based on the instant filing that Plaintiff does not intend to comply with the Court's order. It is also evident based on the instant filing that Plaintiff has received the Court's mailings. Notably, the Court provided Plaintiff with a blank civil rights complaint form and a blank motion for leave to proceed as a pauper to complete as directed but Plaintiff nonetheless failed to comply.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite a clear directive to file an amended complaint on the proper form and to file a motion for leave to proceed as a pauper, and despite a clear warning that failure to follow the Court's order would result in a recommendation that the case be dismissed, Plaintiff has failed to comply.

Accordingly, it is respectfully **RECOMMENDED** that this case be

**DISMISSED** for failure to comply with a Court order and for failure to prosecute.

**IN CHAMBERS**, this 5th day of January 2018.

                                            *s/ Gary R. Jones*
                                            GARY R. JONES
                                            United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**